IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**MARVIN JERELDS,**

    **Plaintiff,**

**vs.**	**CASE NO. 1:07CV111-MP/AK**

**KARIE SMITH,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, has submitted a civil rights complaint. (Doc. 1). In response to the question about previous lawsuits, Plaintiff answered that he did not have "the case number" and did not complete the remainder of the inquiry. He is not presently on the three strikes list maintained by the Court, and he was erroneously granted leave to proceed *in forma pauperis*. (Doc. 5). His complaint was reviewed and an attempt was made to have it served upon the Defendant, which was unsuccessful. (Doc. 19).

Upon further inquiry, the Court has learned that Plaintiff has already been identified as a three strikes litigant and he was advised of this fact on January 20, 2004,

by Report and Recommendation.  (See Doc. 6, Case No. 4:04CV007-RH/WCS).

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had *at least* three prior prisoner actions dismissed within this District alone on the grounds that they were frivolous, malicious, or failed to state a claim.  The dismissed cases include: case 5:95CV346-V (dismissed with prejudice under §1915(d); 5:96CV122-RV (dismissed for abuse of the judicial process); and 5:96CV317-RH (dismissed for failure to state a claim).  Whether or not cases were dismissed as frivolous prior to the enactment of the PLRA is irrelevant.  See Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998), *accord* Rivera v. Allin, 144. F.3d 719, 723-30 (11th Cir. 1998).  Such dismissals may still be counted as a "strike."

Plaintiff was advised of his "strikes" and that he would be required to allege an "imminent danger" in order to proceed in the future in Case No. 4:04CV07-RH/WCS. He was also warned about being honest in disclosing his prior cases at that time.  Since then he has filed five more cases this year, including the present case. Unfortunately, it was not discovered that he was barred as a three striker until after considerable time and effort have been expended on this and other lawsuits.

In the present lawsuit, Plaintiff complains of sexual assault by a female guard in that she put her large breasts upon him and this does not constitute imminent danger of serious injury such as to come within the exception of 28 U.S.C. §1915.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this **23rd** day of October, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**